PAUL NENNINGER ET AL.

v.

SEBASTIAN FIETSAM, ADM'R.

*Arbitration—Administration—Sale of Lands to Pay Debts—Insufficient Petition—Statutes—Practice—Decree.*

1. A petition for a decree to sell lands for the payment of debts, which fails to disclose the date of the death of the intestate and of the granting of letters of administration, and whether the claim was allowed within two years from the granting of such letters, is insufficient.

2. The petition in question is also insufficient to authorize a decree of sale of subsequently acquired assets to satisfy a claim allowed after two years.

3. The distribution of the personal assets within two years will not, in the case of a claim allowed or judgment recovered within such time, authorize a sale of real estate for the payment thereof, except in case of a deficiency of personal assets.

4. In such cases objections to an answer must be taken by exception.

5. The findings in a judgment against an administrator are not in such cases conclusive against the heir, and can not be held to aid either the want of averments in the petition or the finding of necessary facts in the decree of sale.

6. In the case presented, the decree finds none of the facts required by Sec. 107, Chap. 3, Starr & C. Ill. Stat., nor is it sufficient under the amendatory act of 1887.

[Opinion filed March 1, 1889.]

In error to the Circuit Court of St. Clair County; the Hon. William H. Snyder, Judge, presiding.

Mr. William Winkelmann, for plaintiff in error.

In Harding v. Le Moyne, 114 Ill. 65, the court says: "It is essential to the right of an administrator to apply for an order to sell real estate to pay debts, and to the jurisdiction of the court to grant such order, that it shall be made to appear by the petition that the personal estate is insufficient to pay the just debts against his estate, and that the administrator has made a just and true account of the personal estate and debts of the deceased to the proper County Court. Unless these jurisdictional facts appear on the face of the petition, the court has no power to make an order in the premises." Applying the principle announced to the petition in this case, we find the same wanting in the most material averments. Lynch v. Hickey, 13 Ill. App. 139.

· We contend that the lands of a decedent are as at common law; can not be sold by an administrator, except upon one condition, to wit, *deficit of personal assets.* (Section 98.) And this deficit, upon the hearing of the case, must be found by the court, as well as the other necessary facts to be set forth in the petition. (See section 107.) Without such finding, the court has no jurisdiction. Walker v. Diehl, 79 Ill. 473.

We contend that the Circuit Court erred in overruling Nenninger's demurrer to the amended petition, for the reason that the petition fails to set forth the facts and circumstances on which the petition is founded and the amount of claims allowed, with an estimate of the amount of just claims to be presented; the amount of personal estate which has come to the hands of the original administrator, Rhein; and the manner in which the administrator has disposed of the same, with a statement of the amount of claims paid; nor is it shown by the petition that the administrator has made a just and true account of the personal estate and debts to the County Court.

The statute, chapter 3, section 100, requires that the petition shall set forth the above facts; at all events, the petition must show that the personal estate of the deceased is insufficient to pay the debts of the estate.

If, then, the two classes of creditors have equal rights, and taking it for granted that the creditor, whose claim being allowed within the two years, could not reach the land in question, we ask, by what authority is it that the creditor in this case, who slept upon his rights from the 10th day of December, 1869, until the 26th day of August, 1878, can pass by the personal estate and reach the land of an innocent purchaser? If such is the law, then the statute rewards the negligent. We admit, had the personal estate been insufficient to pay all the just claims against the estate, then this claim would have shared *pro rata* in the property not inventoried; but we contend that when the personal estate is sufficient to pay all just debts, then it makes no difference whether the land is inventoried or not; it is beyond the reach of creditors, and the heirs of the decedent are not liable for the debts of their ancestors by reason of the inheritance of the land. Sec. 12, Chap. 59; McLean v. McBean, 74 Ill. 134; Guy v. Gericks, 85 Ill. 428.

The statute, which is the only authority for an administrator to sell the land of a deceased person, makes no provision for a case as set forth in the petition, and we know of no authority for a court to make law not sanctioned by the law-making power.

Messrs. G. & G. A. KOERNER, for defendant in error.

This petition was filed under the amendatory act relating to administration of estates, approved June 15, 1887. While that act makes important alterations and gives extensive chancery powers to the Circuit or County Court, there is no substantial difference in that act as regards the provisions which the petition should set forth, from the act to which it is an amendment.

But Sec. 100, Chap. 3, R. S., can have no application whatever to the case at bar. If it had, the 7th clause of section 70, Chap. 3, R. S., to wit, that "all demands not exhibited

between two years from the granting letters testamentary shall be forever barred unless the creditor shall find other estate of the deceased not inventoried or accounted for by the executor or administrator, in which case their claims shall be paid *pro rata* out of such subsequently discovered estate," would be entirely nugatory.

Administrations are usually settled and distribution ordered or made after the expiration of two years, the time allowed to present claims. It is manifest that the last mentioned section is made for the benefit of those creditors, who, for some reason or another, have failed to present their claims for allowance within the two years. This, however, does not prevent them from suing on their claims within the time not barred by the general statute of limitation, and obtaining judgment to be satisfied out of the estate not inventoried, whether then discovered or which may afterward be discovered. Thorn v. Watson, 5 Gilm. 26; Bradford v. Jones, 17 Ill. 93; Shepard, Adm'r, v. National Bank, 67 Ill. 292; Guy, Adm'r, v. Gericks, 85 Ill. 428.

Now, in all cases where the administration had been settled, the estate having been solvent, it would be impossible, in the petition for the sale of the property to satisfy the judgment obtained against property not inventoried, to allege that the estate was insolvent and there was an insufficiency of personal property. No remedy, then, would be provided, as contemplated by said Sec. 70.

The petition alleges, and it is admitted both by the demurrer of Paul Nenninger, Jr., as by the answer of Maria Voelkel and the default of the other defendants, that the property was not discovered until the administration was settled; that suit was commenced in 1875, as soon, probably, as the property not inventoried was discovered. The defendants in this case are all heirs at law of Paul Nenninger, deceased, and have taken the law subject to the contingencies mentioned. Stillmann v. Young, 16 Ill. 326.

We hold that even a *bona fide* purchaser from them would be liable, but those defendants are not *bona fide* purchasers. They are bound to know the law—that land not inventoried

would be liable to satisfy claims of creditors barred by the
two years limitation.

PHILLIPS, J.  Defendant in error filed his petition in the
Circuit Court of St. Clair county for a decree to sell land to
pay debts, he being administrator *de bonis non* of the estate
of Paul Nenninger, deceased.  A demurrer was interposed to
the petition, which was overruled.  Certain defendants stood by
their demurrer; one of the defendants filed an answer.  A
demurrer was interposed to the answer, which was sustained.
A decree was entered for sale of land to pay debts.  The
defendants to that petition sue out this writ of error and
assign as error the overruling of the demurrer to the amended
petition, the sustaining of the demurer to the answer, and in
entering a decree without finding facts in the decree.

The petition avers that Maria Wildig, executrix, etc., filed
in the County Court of St. Clair county a certified copy of a
certain judgment rendered in the Circuit Court of St. Clair
county, which was so filed on the 3d day of June, 1884, and
was for the amount of $1,750.22, and was recovered against
Frederick Rhein, administrator, etc., of Paul Nenninger.

That judgment was to be paid in due course of administra-
tion out of any assets of the estate of Paul Nenninger dis-
covered since the filing of the inventory of said estate by the
administrator, and which assets the judgment finds are the
lands referred to in the pleadings in the case, and then
describes the lands.  The petition makes a transcript of the
judgment an exhibit, and avers that it was allowed by the
County Court as a claim against the estate to be paid in due
course of administration out of subsequently discovered assets.
The death of Frederick Rhein, the administrator, and the
appointment of petitioner as administrator *de bonis non* is
averred, and it is further averred that the estate of Paul Nen-
ninger has been fully administered by said Rhein as adminis-
trator, and distribution of the personal estate had been made
to the widow and heirs, and no other property, real or per-
sonal, had come to the petitioner except the land in the judg-
ment described, which is averred to have not been inventoried.

The date of death of Paul Nenninger is not averred, nor can the date of granting letters of administration be determined from the petition. The date of the allowance of the claim is averred, but whether within two years of granting letters of administration on the estate of Paul Nenninger can not be determined from this petition. If the claim was allowed or judgment recovered within two years of the granting of letters of administration the fact of the distribution of the personal estate within two years would not authorize a sale of the real estate, except for a deficiency of personal assets. The petition is insufficient under Sec. 100 of Chap. 3, Starr & C. Ill. Stat., and under the amendatory act of 1887.

Nor is the petition sufficient under subdivision 7 of Sec. 70 Starr & C. Ill. Stat., or the amendatory act of 1887, as averring facts that would authorize a decree of sale of subsequently discovered assets to satisfy a claim allowed after two years from granting letters of administration. It was error to overrule the demurrer to the petition. We do not deem it necessary to consider the error assigned in sustaining the demurrer to the answer, as the petition is so insufficient that an answer thereto need not be considered. We suggest, however, that by Sec. 101 of Chap. 3, Starr & C. Ill. Stat., the practice in this class of cases is the same as in cases in chancery, and objection to an answer must be taken by exception.

The third assignment of error is that the decree is insufficient in not finding the necessary facts. That decree, after finding jurisdiction of the parties and sustaining the demurrers, enters default and a decree *pro confesso*, and the decree then proceeds: "It is therefore ordered, adjudged and decreed that the petition of the said Sebastian Fietsam, administrator as aforesaid, be allowed, and that the said administrator proceed according to law to advertise and sell the real estate described in said petition on such terms and conditions as are prescribed by the statute in such case made and provided, and that this case stand continued for report."

. The decree finds none of the facts, as required by Sec. 107, Chap. 3, Starr & C. Ill. Stat., nor is the decree sufficient under

the amendatory act of 1887. Neither does the decree find sufficient facts in a case where claims are presented after two years from granting letters of administration to be paid out of subsequently discovered assets. The findings in the judgment against the administrator are not conclusive against the heir, and can not be held to aid either the want of averments in the petition or the finding necessary facts in the decree.

For the errors indicated the decree is reversed and the cause remanded.

*Reversed and remanded.*